UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BASTIEN,<br><br>        Plaintiff,<br><br>    v.<br><br>ABF FREIGHT SYSTEMS INC, and DOES 1 through 50, inclusive,<br><br>        Defendants. | No.  2:12-CV-2755-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court on Defendant ABF Freight System, INC's ("Defendant") Motion to Dismiss (Doc. # 7) Plaintiff's state law claims because they are preempted by federal law and they are inadequately pled.[1] Plaintiff William Bastien ("Plaintiff") opposes the motion (Doc. # 9).

I.  BACKGROUND

Plaintiff brings this suit because he alleges that his employment with Defendant was improperly terminated.  Plaintiff

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for February 6, 2013.

1

alleges that Defendant's pension plan (the "Plan") permits participants who reach the age of 65 to draw pension benefits without retiring.  Plaintiff alleges that he exercised this option at age 66 and started to collect benefits while continuing to work for Defendant.  Plaintiff alleges that his employment was terminated by Defendant on February 9, 2011, and "Plaintiff was informed that his employment was being terminated because he was collecting pension benefits."  Compl. ¶ 16.

   Plaintiff's Complaint contains five causes of action: 1) Violation of the Employee Retirement Security Act ("ERISA"), § 510, 29 U.S.C. § 1140; 2) Wrongful Termination in Violation of Public Policy; 3) Age Discrimination under California's Fair Employment and Housing Act ("FEHA"); 4) Breach of Implied Contract; and 5) Breach of the Covenant of Good Faith and Fair Dealing.  The second through fifth claims are all based on state law.  This Court has jurisdiction over Plaintiff's ERISA claim pursuant to 28 U.S.C. § 1331 and the related state law claims pursuant to 28 U.S.C. § 1367.

II.   OPINION

A. Legal Standard

   A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto,

2

405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

   B. Discussion

      1.   Federal Preemption

Defendant argues that ERISA's preemption provision, found at § 514(a) of the act, preempts Plaintiff's state law claims. Defendant contends that each state law claim is predicated on the single allegation that Plaintiff was terminated "because he was collecting pension benefits," thereby making his only viable claim the federal ERISA claim.  Compl. ¶ 16.  Plaintiff responds that ERISA does not preempt state law claims related to discrimination.  He does not raise any arguments related to his contractual claims.

3

1     ERISA § 514(a) broadly preempts "all State laws as they may
2 now or hereafter relate to any employee benefit plan described in
3 Section 1003(a) of this title." 29 U.S.C. § 1144(a). A state
4 law "'relate[s] to' a benefit plan and [is] thereby . . .
5 preempted, even if the law is not specifically designed to affect
6 such plans, or the effect is only indirect" as long as it "has a
7 connection with or reference to such a plan." Ingersoll-Rand Co.
8 v. McClendon, 498 U.S. 133, 139 (1990) (citations omitted). This
9 rule applies to state law causes of action in the same manner as
10 it applies to state laws. Id. at 140 ("We have no difficulty in
11 concluding that the cause of action which the Texas Supreme Court
12 recognized here . . . 'relate[s] to' an ERISA-covered plan within
13 the meaning of § 514(a), and is therefore pre-empted."). A state
14 law cause of action "relate[s] to" an ERISA plan, and is
15 therefore preempted, if "the court's inquiry must be directed to
16 the plan." Id.

17     With respect to the present matter, Plaintiff's allegations
18 exclusively reference an ERISA plan. Plaintiff alleges that he
19 was "terminated because he was collecting pension benefits."
20 Compl. ¶ 16. There are no additional allegations that give rise
21 to an inference of age discrimination in violation of FEHA.
22 There are no allegations of any contract beyond the ERISA plan
23 itself. Finally, in the absence of any allegation beyond the
24 terms of the ERISA plan related to Plaintiff's third, fourth, and
25 fifth causes of action, the second cause of action for
26 Termination in Violation of Public Policy necessarily relies on a
27 violation of ERISA, meaning that one must look to the terms of
28

4

the Plan to determine liability.  Plaintiff's state law claims all therefore relate to the ERISA plan and are preempted.

Plaintiff's reliance on Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983), is misplaced.  Shaw stands for the proposition that state anti-discrimination laws are only partially preempted by ERISA.  Id. at 105-06.  The holding in Shaw is based on a savings clause in ERISA § 514(d) that reads, "Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States . . . ."  The Supreme Court accordingly held that state anti-discrimination laws, insofar as they are compatible with federal anti-discrimination laws, are not preempted by ERISA.  Shaw, 463 U.S. at 102-104.  Shaw is simply inapplicable here because Plaintiff's Complaint does not contain any allegations to support a discrimination claim under FEHA.  He only alleges that he was terminated for exercising his rights under the Plan, placing his claims squarely within ERISA's broad preemptive scope.  The Court accordingly finds that Plaintiff's second, third, fourth, and fifth causes of action are preempted by ERISA.  Plaintiff has therefore failed to state a claim with regard to these causes of action, and Defendant's 12(b)(6) motion is accordingly granted.

2.   LMRA Preemption

Defendant next argues that if Plaintiff's claims are not preempted by ERISA, they are preempted by the Labor Management Relations Act of 1947 ("LMRA").  Since the Court has determined that ERISA preemption applies, it need not reach Defendant's LMRA argument.

5

### 3. <u>Leave to Amend</u>

Plaintiff does not offer a substantive opposition to Defendant's motion to dismiss his fourth and fifth contractual claims, which amounts to a concession that those claims are preempted. Accordingly, amendment of the fourth and fifth claims would be futile and they are dismissed with prejudice. With respect to his age discrimination claim, Plaintiff argues that terminating someone because they draw pension benefits is the common sense equivalent to age discrimination. The Court finds that such an inference cannot be drawn from the barebones allegations in this case. Plaintiff's existing allegation relates directly to the terms of the Plan, and he has not identified any additional allegations in his opposition that he could provide to support other inferences of age discrimination. To determine liability under Plaintiff's allegations, one must look at the terms of the Plan and determine if they permit eligible employees to draw a pension while working. The age of the employee is only relevant insofar as age determines eligibility for benefits. Amendment of this claim would therefore be futile. Finally, Plaintiff argues that his claim for Wrongful Termination in Violation of Public Policy is adequate because "California has adopted public policies regarding harassment, discrimination, and retaliation in the workplace." Opp. 6. While this statement may be true, Plaintiff has not indicated that he is able to make any supporting allegations that avoid preemption. Accordingly, amendment of this claim would also be futile and it is dismissed with prejudice.

6

III. ORDER

Defendant's Motion to Dismiss is GRANTED.  Plaintiff's second, third, fourth, and fifth causes of action are hereby dismissed with prejudice.  Defendant is ordered to file a responsive pleading to Plaintiff's first cause of action within 20 days of this order.

IT IS SO ORDERED.

Dated:   March 15, 2013

/s/ John A. Mendez_____
JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE